UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cr-80108-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MASONIEK STINFORT,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE

This cause comes before the Court upon Defendant Masoniek Stinfort's ("Stinfort") Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). DE 236. Stinfort seeks release from prison in light of the COVID-19 pandemic. He presently is serving a 144-month sentence for conspiracy to commit wire fraud and theft of government funds, wire fraud, and aggravated identity theft. *See* DE 215. The Court has carefully reviewed Stinfort's Motion for a Reduction of Sentence and the record and is otherwise fully advised in the premises. For the reasons set forth below, Stinfort's Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Another circumstance is in the case of the "death or incapacitation of the caregiver of the defendant's minor child or minor children." *Id.* § 1B1.13, application note 1(C)(i). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

Stinfort contends that he exhausted administrative remedies before filing his Motion to Reduce Sentence. He did not attach a copy of his release request or the denial of the request to his Motion. Even if the Court accepts his contention that he has exhausted administrative remedies, the Court concludes that a sentence reduction is inappropriate.

Stinfort is 34 years' old. As a basis for sentence modification, he states that he suffers from hypertension and that he is therefore particularly vulnerable to complications from COVID-19.

2

He also states that the primary caregiver of his children has had COVID-19, and he is concerned that she may be exposed to the disease again because she works in the medical field.

As of the date of this Order, FCI Coleman – Medium, the facility in which Stinfort is held, has had no confirmed case of an inmate contracting COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited June 30, 2020). The Bureau of Prisons ("BOP") has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities. *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 30, 2020). These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing. *See id.*

The Court is sympathetic to the health and family challenges that Stinfort describes in his Motion. And the Court understands that he has a legitimate concern that COVID-19 will spread among inmates at FCI Coleman – Medium. However, the Court must view that concern in conjunction with the facts as best the Court is able to ascertain them. Those facts are that FCI Coleman – Medium has had no confirmed case of an inmate contracting COVID-19 and that the BOP has implemented mitigation measures in accordance with its role to protect the inmates within its facilities. The Court has been presented with no information that would indicate that these measures will be ineffective at FCI Coleman – Medium. Under the present circumstances, the Court does not find extraordinary and compelling reasons that warrant a reduction of Stinfort's sentence.

The Court has also considered the sentencing factors in 18 U.S.C. § 3553(a) and concludes that a sentence modification is not warranted in light of those factors. *See* 18 U.S.C. § 3553(a);

*see also id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence).  The Court specifically notes that Stinfort has served well under half of his prison sentence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Masoniek Stinfort's Motion to Reduce Sentence [DE 236] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of June, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record