UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cr-80108-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MASONIEK STINFORT,

    Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

This cause comes before the Court upon Defendant Masoniek Stinfort's ("Stinfort") Renewed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). DE 238. Stinfort seeks release from prison in light of the COVID-19 pandemic. He presently is serving a 144-month sentence for conspiracy to commit wire fraud and theft of government funds, wire fraud, and aggravated identity theft. *See* DE 215. The Court has carefully reviewed Stinfort's Renewed Motion, the Government's Response thereto [DE 240], and the record and is otherwise fully advised in the premises. For the reasons set forth below, Stinfort's Renewed Motion is denied.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable.  *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist.  *See* U.S.S.G. § 1B1.13 (policy statement), application note 1.  One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.* § 1B1.13, application note 1(A)(ii)(I).  Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note.  *Id.* § 1B1.13, application note 1(D).  The Court must also determine that the "defendant is not a danger to the safety of any other person or to the community."  *Id.* § 1B1.13(2).

As an initial matter, the Government concedes that Stinfort exhausted administrative remedies before filing the instant Motion.  DE 240 at 6.  Stinfort is 34 years' old.  As a basis for release, he states that he suffers from hypertension and that he is therefore particularly vulnerable to complications from COVID-19.  The Center for Disease Control has identified hypertension as an underlying medical condition that might cause a person to be at an increased risk for severe illness from COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (last visited Aug. 13, 2020). The Court is sympathetic to Stinfort's medical condition and to the hardships that imprisonment creates, especially during this pandemic. Nevertheless, his filing indicates that he is taking medication for his condition. *See* DE 238-1 at 1. He has provided no evidence to indicate the seriousness of his medical condition, nor has he provided evidence to indicate that his condition is not being effectively managed within the prison system. The Court cannot conclude from this record that he suffers from a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment. *See* U.S.S.G. § 1B1.13, application note 1(A)(ii)(I).

Stinfort also urges the need to reduce prison populations given the current pandemic. However, the Bureau of Prisons ("BOP") possesses greater knowledge than the Court about the conditions within its prisons, the population densities of its prisons, and its response to the pandemic. The BOP has the responsibility to determine the appropriate place of imprisonment for an inmate and has the ability to transfer inmates among prisons. *See* 18 U.S.C. § 3621(b). The Court does not construe the prison population itself, even during the instant pandemic, as presenting an extraordinary and compelling reason that justifies Stinfort's release.

Further, the Court has considered the sentencing factors in 18 U.S.C. § 3553(a) and the risk that Stinfort poses a danger to the safety of others and concludes that a sentence reduction is not warranted. *See* 18 U.S.C. § 3553(a); *id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence); U.S.S.G. § 1B1.13(2) (requiring a court to conclude that the defendant is not a danger to the safety of any person or to the community before granting a reduction of sentence). Stinfort was the leader and/or organizer of the conspiracy that led to his convictions. The 144-month sentence that he received was at the

3

bottom of the guideline range, and he has served less than one-half of that sentence thus far.  The Court notes again, as it did during Stinfort's sentencing hearing, that he has an extensive criminal history.  *See* DE 226 at 65-67.  This history includes multiple convictions for crimes involving violence and/or firearms and multiple probation violations.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Masoniek Stinfort's Renewed Motion to Reduce Sentence [DE 238] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of August, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record